1    IN THE UNITED STATES DISTRICT COURT

2    FOR THE NORTHERN DISTRICT OF CALIFORNIA

3    CARLOS ARMANDO ORTEGA,           )    No. C 09-5527 SBA (PR)
                                      )
4                    Plaintiff,       )    **ORDER DISMISSING COMPLAINT WITH**
                                      )    **LEAVE TO AMEND AND DENYING**
5         v.                          )    **PLAINTIFF'S PENDING MOTIONS**
                                      )
6    MARK RITCHIE, et al.,            )
                                      )
7                    Defendants.      )
     ─────────────────────────────   )

8

9                            **INTRODUCTION**

10        Plaintiff, who is currently incarcerated at the Santa Clara County Jail (SCCJ), has filed a pro

11   se civil rights action pursuant to 42 U.S.C. § 1983 alleging that Defendants violated his

12   constitutional rights.  His motion for leave to proceed in forma pauperis (IFP) has been granted.

13        Plaintiff has filed a motion for appointment of counsel.  He also requests for an extension of

14   time to serve Defendants.  However, because he is proceeding IFP he is not responsible for service

15   on Defendants.  Therefore, his request is DENIED as unnecessary.

16        Venue is proper because the events giving rise to the claim are alleged to have occurred at

17   SCCJ, which is located in this judicial district.  See 28 U.S.C. § 1391(b).

18        In his complaint, Plaintiff names the following Defendants: the City of San Jose; the SCCJ;

19   SCCJ Psychiatrist Dr. Mark Ritchie; SCCJ Officers N. Muhar and A. Chang; and Doe Defendants.[1]

20        The Court now conducts its initial review of the complaint pursuant to 28 U.S.C. § 1915A.

21                            **BACKGROUND**

22        Plaintiff states that beginning in March, 2007, he was housed at SCCJ as a pretrial detainee

23   facing charges of assault with a deadly weapon.  (Compl. at 3a.)[2]  He claims suffers from a "server

24   [sic] mental disorder bi-polar schizophinnia [sic]," and that he has a "history of 12 year medication

25

26        [1] Plaintiff lists several "John Doe" Correctional Officers as Defendants under the section
     labeled "Parties."  The Court construes these Defendants to be Doe Defendants.
27

28        [2] Plaintiff has attached several pages that are numbered page "3" to his complaint; therefore,
     the Court has renumbered them as pages "3a" through "3h."

**United States District Court**
**For the Northern District of California**

United States District Court
For the Northern District of California

1  [and] hospitalization 1997 to 2009." (Id.)  In September, 2007, he was found "incompetent to stand

2  trial." (Id.)  He alleges that from June 6, 2007 through September 4, 2007, he was denied mental

3  health treatment. (Id. at 3c.)  He alleges that "low medication dosage made [him] think irrationally

4  and spontaneous to two violent out-burst." (Id.)

5          On December 4, 2007, he was transferred to Metropolitan State Hospital for "seven months"

6  before he was transferred again back to SCCJ on July 16, 2008. (Id. at 1, 3a-3b.)  On August 13,

7  2008, his medication was "lowwered causing [him] to suffer three week's no sleep . . . ." (Id. at 3d.)

8          On September 3, 2008, Plaintiff claims Defendants Muhar and Chang came to transport him

9  to Metropolitan State Hospital. (Id. at 3e.)  Prior to transporting him, Plaintiff claims an "unknow[n]

10  sergant [sic] did and two male philippino [sic] officers pepper[]-sprayed [him], cuffed and beat

11  [him]. (Id.)  He was not decontaminated and "put on a van [for a] 6 hour drive . . . ." (Id.)  Plaintiff

12  claims he "believed they were going to kill [him]" and he "refused to cuff-up;" therefore, he "got [a]

13  black-eye, red abration[s] [on] both eyes, [and a] puffy lip." (Id.)  When he arrived at Metropolitan

14  State Hospital, he was "decontaminated and treated."  (Id. at 3f.)  Plaintiff does not specify when he

15  was transported back to SCCJ.

16          From February 26, 2009 through September 29, 2009, Plaintiff was housed at the "Main Jail"

17  at SCCJ where he was again "denied full mental health treatment."  (Id. at 3e.)

18          On March 13, 2009, Plaintiff was "placed in a disciplinary cell called 'Ice Box' cause [of] it's

19  [sic] coldness." (Id. at 3g.)  He claimed this was a disciplinary action which he received without a

20  disciplinary hearing or a "write-up." (Id.)  Plaintiff also claims he "exhausted all remedies trying to

21  get rehoused." (Id. at 3h.)

22          Finally, Plaintiff claims that "water is not too well too [sic] drink . . .[and] smells like urine."

23  (Id.)

24          On November 5, 2009, Plaintiff filed the present action while he was housed at Patton State

25  Hospital.  Plaintiff does not specify when he was initially transferred to Patton State Hospital.

26          On December 15, 2009, Plaintiff filed a notice of change of address indicating that he has

27  been transferred back to SCCJ.

28

2

**United States District Court**
For the Northern District of California

1    Plaintiff seeks monetary damages and injunctive relief in the form of being "rehoused."  (Id.

2 at 3d-3g.)

3                                    **DISCUSSION**

4 **I.    Standard of Review**

5    A federal court must conduct a preliminary screening in any case in which a prisoner seeks

6 redress from a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

7 § 1915A(a).  It its review, the court must identify cognizable claims and dismiss any claims that are

8 frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief

9 from a defendant who is immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se pleadings

10 must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699

11 (9th Cir. 1988).

12    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

13 (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the

14 alleged violation was committed by a person acting under the color of state law.  See West v. Atkins,

15 487 U.S. 42, 48 (1988).

16 **II.   Exhaustion of Administrative Remedies**

17    Plaintiff raises three claims in his complaint: (1) the use of excessive force; (2) deliberate

18 indifference to his serious medical needs; and (3) a municipal liability claim against the City of San

19 Jose and the SCCJ.[3]  A threshold question which must be answered before Plaintiff can proceed with

20 these claims is whether he has exhausted available administrative remedies with respect to each

21 claim.

22    The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996)

23 (hereinafter "PLRA"), amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with

24 respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner

25 confined in any jail, prison, or other correctional facility until such administrative remedies as are

26 ———————————

27    [3] Plaintiff's remaining allegations in his complaint -- including, that he was placed in a
disciplinary cell on March 13, 2009 without a disciplinary hearing and that the water smelled like
urine -- fail to state a cognizable claim for relief; therefore, the Court DISMISSES these claims.
28

**United States District Court**
For the Northern District of California

1   available are exhausted."  42 U.S.C. § 1997e(a).

2         Exhaustion is mandatory and no longer left to the discretion of the district court.  Woodford

3   v. Ngo, 126 S. Ct. 2378, 2382 (2006) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).

4   "Prisoners must now exhaust all 'available' remedies, not just those that meet federal standards."  Id.

5   The PLRA's exhaustion requirement requires "proper exhaustion" of available administrative

6   remedies.  Id. at 2387.

7         An action must be dismissed unless the prisoner exhausted his available administrative

8   remedies before he or she filed suit, even if the prisoner fully exhausts while the suit is pending.

9   McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002); see Vaden v. Summerhill, 449 F.3d 1047,

10  1051 (9th Cir. 2006) (where administrative remedies are not exhausted before the prisoner sends his

11  complaint to the court it will be dismissed even if exhaustion is completed by the time the complaint

12  is actually filed).

13        If the court concludes that the prisoner has not exhausted non-judicial remedies, the proper

14  remedy is dismissal without prejudice.  Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003).  A

15  prisoner's concession to non-exhaustion is a valid ground for dismissal, so long as no exception to

16  exhaustion applies.  Id.  Accordingly, a claim may be dismissed without prejudice if it is clear from

17  the record that the prisoner has conceded that he did not exhaust administrative remedies.  See id.

18        The State of California provides its inmates and parolees the right to appeal administratively

19  "any departmental decision, action, condition or policy perceived by those individuals as adversely

20  affecting their welfare."  See CAL. CODE REGS. tit. 15, § 3084.1(a).  It also provides its inmates the

21  right to file administrative appeals alleging misconduct by correctional officers.  See id. § 3084.1(e).

22  In order to exhaust available administrative remedies within this system, a prisoner must proceed

23  through several levels of appeal: (1) informal resolution, (2) formal written appeal on a 602 inmate

24  appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to

25  the Director of the California Department of Corrections and Rehabilitation (hereinafter "CDCR").

26  See id. § 3084.5; Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997).  This satisfies the

27  administrative remedies exhaustion requirement under § 1997e(a).  See id. at 1237-38.

28

4

**United States District Court**
For the Northern District of California

1    A prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no

2 exception to exhaustion applies. Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir.), cert. denied, 124

3 S. Ct. 50 (2003).  Accordingly, a claim may be dismissed without prejudice if it is clear from the

4 record that the prisoner has conceded that he did not exhaust administrative remedies.  Id.

5    Here, the claims raised in Plaintiff's complaint appear not to have been exhausted through the

6 administrative grievance procedure.  Plaintiff states specifically that "all issues were ignored or

7 passed."  (Compl. at 2.)  Plaintiff adds that he "tried to exhaust [his] remedies to fix [his] medication

8 and get full treatment care being housed in the mental health ward."  (Id. at 3f.)  Plaintiff "presented

9 other grievances to Department of Corrections never returned."  (Id.)  It is unclear whether Plaintiff

10 allowed for enough time to have his grievances returned to him, or if they were simply ignored for

11 an unknown reason.  From the face of the complaint, therefore, it appears that Plaintiff's claims are

12 unexhausted and subject to dismissal.  If Plaintiff did exhaust his administrative remedies with

13 respect to any or all of those claims before filing this action, he may amend his complaint to so

14 allege, as set forth below.

15 **III.    Legal Claims**

16    **A.    Use of Excessive Force**

17    The Due Process Clause of the Fourteenth Amendment protects a post-arraignment pretrial

18 detainee from the use of excessive force that amounts to punishment.  Graham v. Connor, 490 U.S.

19 386, 395 n.10 (1989) (citing Bell v. Wolfish, 441 U.S. 520, 535-39 (1979)); see Gibson v. County of

20 Washoe, Nev., 290 F.3d 1175, 1197 (9th Cir. 2002) ("The Due Process clause protects pretrial

21 detainees from the use of excessive force that amounts to punishment . . . . Graham therefore

22 explicates the standards applicable to a pretrial detention excessive force claim in this circuit.")

23 (citations omitted).[4]

24    To determine whether particular restrictions and conditions accompanying pretrial detention

25

26 ─────────────────

27    [4] Cf. Pierce v. Multnomah County, Oregon, 76 F.3d 1032, 1043 (9th Cir. 1996) (Fourth
Amendment reasonableness standard applies to allegations of use of excessive force against pre-
arraignment detainee).

28

amount to punishment in the constitutional sense of the word, the Court first looks to whether the

disability imposed is for the purpose of punishment or whether it is but an incident of some other

legitimate governmental purpose. See Bell, 441 U.S. at 538.  Absent a showing of an express intent

to punish, whether a restriction amounts to punishment will generally turn on whether there is an

alternative, rational purpose for the restriction, and whether the restriction then appears excessive in

relation to that purpose. See id.  If a restriction or condition is not reasonably related to a legitimate

goal, i.e., if it is arbitrary or purposeless, the court may infer that the purpose of the action is

punishment. See id. at 539.

Plaintiff alleges that on September 3, 2008, he was subjected to excessive force when an

"unknown sergeant" and "two male philippino [sic] officers" used pepper spray on him and "cuffed

and beat" him.  (Compl. at 3e.)  Plaintiff also alleges that he was not decontaminated until after a six

hour drive to Metropolitan State Hospital.  (Id. at 3f.)  He claims he suffered a "black-eye, red

abration[s] [on] both eyes, [and a] puffy lip."  (Id.)

Liberally construed, Plaintiff's complaint states a cognizable excessive force claim stemming

from the incident on September 3, 2008.

As mentioned above, in the section of the complaint form where he sets forth his allegations

of excessive force Plaintiff identifies an "unknown sergeant" and "two male philippino [sic] officers"

as those who were present and participated in the use of force.  However, the excessive force claim

cannot proceed until Plaintiff provides the Court with additional information regarding these

Defendants specifically the names of these Defendants, so that they may be served.  Accordingly,

this claims is DISMISSED WITH LEAVE TO AMEND.  Plaintiff will be provided with **sixty (60)**

**days** in which to notify the Court of this information in an amended complaint, as directed below.

Failure to do so within sixty days will result in dismissal of this claim without prejudice.

Plaintiff also names SCCJ Officers N. Muhar and A. Chang.  Plaintiff alleges that these

officers came to his cell at around 4:45 AM with the intention of transporting him to Metropolitan

State Hospital.  (Comp. at 3d.)  However, he does not link them to the excessive force violation.

6

Liability may be imposed on an individual defendant under § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.  See Leer, 844 F.2d at 633.  The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation.  See id.  Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights.  Id. at 634.

Because Plaintiff has not linked Defendants Muhar and Chang to his excessive force allegations, this claim cannot proceed against these Defendants and thus it is also DISMISSED WITH LEAVE TO AMEND for Plaintiff to cure this pleading deficiency.  If Plaintiff does not intend to bring an excessive force claim against these Defendants, he must so inform the Court.

**B.      Deliberate Indifference to Serious Medical Needs**

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  See Estelle v. Gamble, 429 U.S. 97, 104 (1976). A pre-trial detainee's claim for deliberate indifference to medical needs derives from the due process clause rather than the Eighth Amendment's protection against cruel and unusual punishment. Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002) (citing Bell v. Wolfish, 441 U.S. 520, 535 (1979)).  A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need.  See McGuckin, 974 F.2d at 1059.  A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain."  Id. (citing Estelle v. Gamble, 429 U.S. at 104).  A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk

**United States District Court**
For the Northern District of California

1    by failing to take reasonable steps to abate it.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).

2          Plaintiff alleges a deliberate indifference claim based on the denial of "full mental health

3    treatment" while he was housed at the "Main Jail" at SCCJ from February 26, 2009 through

4    September 29, 2009.  (Compl. at 3e.)

5          In the section of the complaint form where Plaintiff is asked to write the names of all

6    Defendants, he names SCCJ Psychiatrist Dr. Mark Ritchie and various Doe Defendants.  However,

7    he does not link these Defendants to his deliberate indifference claim.  In order to state cognizable

8    deliberate indifference claim, Plaintiff must (a) identify the responsible individual or individuals for

9    each incident; (b) allege that the responsible individual or individuals were subjectively aware that

10   Plaintiff had serious medical needs; and (c) allege facts demonstrating that the individual or

11   individuals acted or failed to act with deliberate indifference toward his serious medical needs.

12   Because Plaintiff has not yet made sufficient allegations to state cognizable claims for deliberate

13   indifference toward his serious medical needs or to name the responsible individuals, these claims

14   are DISMISSED WITH LEAVE TO AMEND.  Plaintiff may reassert the claims in an amended

15   complaint if he can make the allegations noted above.

16         **C.     Municipal Liability Claims**

17         Finally, Plaintiff has not alleged grounds for municipal liability against the City of San Jose

18

19   and the SCCJ based on any theory other than that of respondeat superior.  This is not a sufficient

20   ground for municipal liability.  See Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978) (local

21   governments cannot be liable under § 1983 under respondeat superior theory).

22         Accordingly, Plaintiff's claims against the City of San Jose and the SCCJ are DISMISSED

23   WITH LEAVE TO AMEND.  If Plaintiff can in good faith assert facts which state constitutionally

24   cognizable claims for relief against these municipal Defendants he may include them in his

25   amendment to the complaint.

26         **D.     Claims Against Doe Defendants**

27

28         As mentioned above, Plaintiff names Doe Defendants whose names he apparently intends to

8

**United States District Court**
For the Northern District of California

learn through discovery.  The use of Doe Defendants is not favored in the Ninth Circuit.  See

Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980).  However, where the identity of alleged

defendants cannot be known prior to the filing of a complaint, the plaintiff should be given an

opportunity through discovery to identify them.  Id.  Failure to afford the plaintiff such an

opportunity is error.  See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999).

Accordingly, Plaintiff's claims against the Doe Defendants are DISMISSED.  Should Plaintiff learn

the identities of these Doe Defendants, he may move for leave to amend to add them as named

defendants.  See Brass v. County of Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

## IV.     Motion for Appointment of Counsel

On September 8, 2010, Plaintiff filed a letter with the Court requesting appointment of

counsel to represent him in this action, stating that he cannot litigate this action on his own behalf

because he suffers from a "mental-illness."

The Court is unable to assess at this time whether exceptional circumstances exist which

would warrant seeking volunteer counsel to accept a pro bono appointment.  The proceedings are at

an early stage and it is premature for the Court to determine Plaintiff's likelihood of success on the

merits.  Moreover, Plaintiff has been able to articulate his claims adequately pro se in light of the

complexity of the issues involved.  See Agyeman v. Corrections Corp. of America, 390 F.3d 1101,

1103 (9th Cir. 2004).  In addition, Plaintiff has been directed to file an amended complaint to cure

the pleading deficiencies of his complaint.  Accordingly, the interests of justice do not require

appointment of counsel at this time, and Plaintiff's request (docket no. 14) is DENIED.

This does not mean, however, that the Court will not consider appointment of counsel at a

later juncture in the proceedings; that is, after Plaintiff files his amended complaint, after the Court

serves the cognizable claims, and after Defendants have filed their dispositive motion such that the

Court will be in a better position to consider the procedural and substantive matters at issue.

### CONCLUSION

For the foregoing reasons, the Court orders as follows:

1       1.      Within **sixty (60) days** from the date of this Order, Plaintiff shall file an amended

2   complaint to correct the pleading deficiencies set forth above.  Plaintiff must use the attached civil

3   rights form, write the case number for this action -- Case No. C 09-5527 SBA (PR) -- on the form,

4   clearly label the complaint "Amended Complaint," and complete all sections of the form.  Because

5   an amended complaint completely replaces the original complaint, Plaintiff must include in it all the

6   claims he wishes to present.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.), cert. denied,

7   506 U.S. 915 (1992); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987); London v. Coopers &

8   Lybrand, 644 F.2d 811, 814 (9th Cir. 1981).  He may not incorporate material from the original

9   complaint by reference.  **Plaintiff's failure to file an amended complaint within the sixty-day**

10  **deadline will result in the dismissal of this action without prejudice.**

11      2.      Plaintiff's request for appointment of counsel (docket no. 14) is DENIED.  His

12  request for an extension of time to serve Defendants (docket no. 14) is DENIED as unnecessary.

13      3.      The Clerk of the Court is directed to send Plaintiff a blank civil rights complaint form

14  with his copy of this Order.

15      4.      This Order terminates Docket no. 14.

16  IT IS SO ORDERED.

17

18  DATED:   5/2/11                                    _Saundra B Armstrong_____

19                                                     SAUNDRA BROWN ARMSTRONG
                                                       United States District Judge
20

21

22

23

24

25

26

27

28

G:\PRO-SE\SBA\CR.09\Ortega5527.DWLA.frm10

**United States District Court**
For the Northern District of California

1   UNITED STATES DISTRICT COURT

2   FOR THE

    NORTHERN DISTRICT OF CALIFORNIA

3

4

5   CARLOS A. ORTEGA,

                                                    Case Number: CV09-05527 SBA

6           Plaintiff,

7                                                   **CERTIFICATE OF SERVICE**

      v.

8

9   SAN JOSE CITY OF et al,

10

            Defendant.

11   _____/

12

    I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District

13  Court, Northern District of California.

14
    That on May 3, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said

15  copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said
    envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle

16  located in the Clerk's office.

17

18

19
    Carlos A. Ortega #09071890

20  Santa Clara County Corrections - San Jose

21  #CTL532

    885 N. San Pedro Street

22  San Jose,  CA 95110

23

24  Dated: May 3, 2011

                                            Richard W. Wieking, Clerk

25                                          By: LISA R CLARK, Deputy Clerk

26

27

28
    G:\PRO-SE\SBA\CR.09\Ortega5527.DWLA.frm11