IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CARLOS A. ORTEGA,

          Plaintiff,

   v.

DR. MARK RITCHIE, et al.,

          Defendants.

_____/

No. C 09-05527 SBA (PR)

**SECOND NOTICE REGARDING INABILITY TO SERVE DEFENDANT KAHN**

      Service has been ineffective on Defendant Salma Kahn, M.D., one of the defendants in this action.

      In an Order dated April 3, 2013, the Court noted that it had been informed that Defendant Kahn "is no longer a [Santa Clara] County employee" and the Santa Clara County Counsel's Office is "unaware of her present mailing address." (Aug. 20, 2012 Letter from Deputy County Counsel Mark. F. Bernal at 1.)  The Court directed Plaintiff to provide the Court with a current address for Defendant Kahn.

      On April 22, 2013, Plaintiff provided the Court with the following address for Defendant Kahn: Santa Clara Valley Medical Center, 751 South Bascom Avenue, San Jose, CA 95128.

      On June 21, 2013, the Clerk of the Court attempted to re-serve the following on Defendant Kahn at the aforementioned address: a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended complaint and all attachments thereto and a copy of the Order of Service.

      However, again, service has been ineffective on Defendant Kahn.  The Court has been informed that Defendant Kahn has resigned from "Santa Clara Valley Medical Center effective April 14, 2010."  (July 3, 2013 Letter from Cyndy Cook, Santa Clara Valley Medical Center at 1.)

      While Plaintiff may rely on service by the United States Marshal, "a plaintiff may not remain silent and do nothing to effectuate such service.  At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has

United States District Court
For the Northern District of California

1  knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987).  If the marshal is unable to

2  effectuate service and the plaintiff is so informed, the plaintiff must seek to remedy the situation or

3  face dismissal of the claims regarding that defendant under Federal Rule of Civil Procedure 4(m).

4  *See* Fed. R. Civ. P. 4(m) (providing that if service of the summons and complaint is not made upon a

5  defendant in 120 days after the filing of the complaint, the action must be dismissed without

6  prejudice as to that defendant absent a showing of "good cause"); *see also Walker v. Sumner*, 14

7  F.3d 1415, 1421-22 (9th Cir. 1994) (prisoner failed to show cause why prison official should not be

8  dismissed under Rule 4(m) because prisoner did not prove that he provided marshal with sufficient

9  information to serve official).

10         No later than **twenty-eight (28) days** from the date of this Order, Plaintiff must provide the

11  Court with a current address for Defendant Kahn.  Plaintiff should review the federal discovery

12  rules, Rules 26-37 of the Federal Rules of Civil Procedure, for guidance about how to determine the

13  current address of this Defendant.

14         **If Plaintiff fails to provide the Court with the current address of Defendant Kahn**

15  **within the twenty-eight-day deadline, all claims against this Defendant will be dismissed**

16  **without prejudice under Rule 4(m).**

17         IT IS SO ORDERED.

18  DATED: _____8/26/2013_____    _____
                                      **SAUNDRA BROWN ARMSTRONG**
19                                    **UNITED STATES DISTRICT JUDGE**

20

21

22

23

24

25

26

27

28