IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS ARMANDO ORTEGA,<br><br>  Plaintiff,<br><br>v.<br><br>DR. MARK RITCHIE, et al.,<br><br>  Defendants. | No. C 09-05527 SBA (PR)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; AND DISMISSING ALL CLAIMS AS UNEXHAUSTED**<br><br>(Docket nos. 60, 93) |

On November 20, 2009, Plaintiff Carlos Armando Ortega, an inmate at the Santa Clara County Jail ("SCCJ"), filed this pro se civil rights action under 42 U.S.C. § 1983 alleging that SCCJ medical staff were deliberately indifferent to his serious medical needs by denying him mental health care treatment from March 2007 through September 2009. He also alleges that from May 13, 2009 through September 29, 2009, SCCJ correctional officers violated his due process rights by failing to provide him with a process to object to his housing assignment. Plaintiff seeks monetary damages and injunctive relief in the form of being "rehoused." (Compl. at 3d.)

In an Order dated July 17, 2012, the Court found cognizable deliberate indifference claims against Defendants Drs. Mark Ritchie, Amarjit Grewal, Salma Khan, Beverly Purdy, and Gilda Vansales stemming from Plaintiff's alleged inadequate mental health care treatment. The Court also found that Plaintiff stated a cognizable due process claim against Defendants SCCJ Lieutenant Laura Rodriguez as well as SCCJ Classification Officers Dennis Gillotte and Gill. (Docket no. 33.)

Defendant Khan has not been served in this action. By letter, dated August 16, 2012, Deputy County Counsel Mark Bernal informed the Court that Dr. Khan was no longer a County employee, and the County was unaware of Dr. Khan's present mailing address. (Docket no. 50.) In its Orders dated April 3, 2013 and August 26, 2013, the Court informed Plaintiff that Defendant Khan had not been served, and directed Plaintiff to provide the Court with a current address for Defendant Khan. To date, Plaintiff has not provided the Court with the aforementioned information necessary to serve

Defendant Khan. Instead, Plaintiff has filed a motion entitled, "Plaintiff's Request for Service by a Marshal on Defendant Salma Khan, M.D." (Docket no. 93.) However, in that motion, Plaintiff claims that he has "no knowledge of [Defendant Khan's] job place or address or phone number." (Id.) Therefore, Plaintiff has failed to provide the Court with sufficient information to locate Defendant Khan for service, and he has not shown good cause for failing to do so. Accordingly, "Plaintiff's Request for Service by a Marshal on Defendant Salma Khan, M.D." (docket no. 93) is DENIED. At this time, the Court will not dismiss without prejudice all claims against Defendant Khan under Federal Rule of Civil Procedure 4(m). Instead, the Court will consider Plaintiff's claim against unserved Defendant Khan below.

The remaining served Defendants -- including, Defendants Ritchie, Grewal, Purdy, Vansales, Rodriguez, Gillotte, and Gill ("Defendants") -- filed an answer to the Complaint. (Docket no. 52.)

Before the Court is Defendants' motion for summary judgment under Federal Rule of Civil Procedure 56, which alleges that (1) Plaintiff failed to establish that Defendants were deliberately indifferent to Plaintiff's serious medical needs, and that, in fact, Plaintiff received treatment well within the accepted standard of care, and (2) Plaintiff was properly housed in administrative segregation and had available to him a grievance process to object to his housing assignment. Alternatively, Defendants bring an unenumerated motion under Rule 12(b) for failure to exhaust administrative remedies under the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a). Plaintiff has filed an opposition, and Defendants have filed a reply. Plaintiff has also filed a sur-reply.

For the reasons discussed below, the Court GRANTS Defendants' motion to dismiss for failure to exhaust administrative remedies. Plaintiff's claims against all Defendants -- including his claim against unserved Defendant Khan -- are DISMISSED without prejudice to refiling after exhausting California's prison administrative process. Thus, the Court need not address the aforementioned arguments alleged in Defendants' motion for summary judgment.

## DISCUSSION

I.  **Motion to Dismiss for Failure to Exhaust Administrative Remedies**

Defendants argue that Plaintiff's claims are barred because he failed to appropriately exhaust all his available administrative remedies. Specifically, Defendants argue that Plaintiff failed to comply with the PLRA prior to filing suit. In his opposition, Plaintiff claims that he "did appeal grievances by letter and collect call's [sic] in a timely matter [sic] . . . [and] did exhaust his last level of appeal . . . ." (Opp'n at 12.)

A.  **Legal Standards**

1.  **Standard of Review for Unenumerated 12(b) Motion**

A motion to dismiss based on a prisoner's failure to exhaust administrative remedies is properly brought as an unenumerated Rule 12(b) motion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). "In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." Id. at 1119-20. Where the court looks beyond the pleadings to a factual record in deciding the motion to dismiss, which is "a procedure closely analogous to summary judgment," the court must assure that the plaintiff has fair notice of his opportunity to develop a record. Id. at 1120 n.14. Nonexhaustion is an affirmative defense which must be raised and proved by the defendants. Id. at 1119. If the court concludes administrative remedies have not been exhausted, the unexhausted claim should be dismissed without prejudice. Id. at 1120.

2.  **Exhaustion under the PLRA**

The PLRA amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory. Porter v. Nussle, 534 U.S. 516, 524 (2002). Exhaustion is a prerequisite for all prisoner suits regarding the conditions of their confinement, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.

3

Id. at 532.

Exhaustion of all "available" remedies is mandatory; those remedies need not meet federal standards, nor must they be "plain, speedy, and effective." Id. at 524; Booth v. Churner, 532 U.S. 731, 739-40 (2001). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. Booth, 532 U.S. at 741. A prisoner "seeking only money damages must complete a prison administrative process that could provide some sort of relief on the complaint stated, but no money." Id. at 739.[2]

The PLRA requires proper exhaustion of administrative remedies. Woodford v. Ngo, 548 U.S. 81, 83 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. Thus, compliance with prison grievance procedures is required by the PLRA to properly exhaust. Id. The PLRA's exhaustion requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." Id. at 84.

Section 1073 of Title 15 of the California Code of Regulations provides county jail inmates with a right to appeal and have resolved grievances relating to their confinement. Pursuant to § 1073, Santa Clara County has established grievance procedures for inmates at SCCJ. (Inmate Orientation and Rule Book at 8-9.)[3] An inmate may grieve "any condition of confinement over which the Department of Correction has control" by first raising the complaint informally with the Officer in charge of the inmate's housing unit. (Id. at 8.) If the grievance is not resolved, the inmate may then complete an "Inmate Grievance Form" and submit it to any Officer. (Id.) If the Officer cannot resolve the grievance, it is forwarded to the Sergeant; if the Sergeant cannot resolve it, to the

---

[2] That the administrative procedure cannot result in the particular form of relief requested by the prisoner does not excuse exhaustion because some sort of relief or responsive action may result from the grievance. See Booth, 532 U.S. at 737; see also Porter, 534 U.S. at 525 (purposes of exhaustion requirement include allowing prison to take responsive action, filtering out frivolous cases, and creating administrative records).

[3] Defendants have attached a copy of SCCJ's grievance procedures, which are included in the jail's Inmate Orientation and Rule Book. (DeLara Decl., Ex. A.)

4

Watch Commander, who will "determine the appropriate actions to take and ensure [the inmate] receive[s] a written response." (Id.) Finally, an inmate may then appeal the Watch Commander's decision by writing a letter to the Division Commander of the facility where the inmate is housed. (Id.) The Division Commander will "either affirm or reverse the decision and will give [the inmate] a written response." (Id. at 9.) If the inmate prefers to "correspond confidentially" with the Chief of Correction instead of the Division Commander, the inmate may do so, and he will receive a "written response." (Id.) The addresses of the Division Commander and Chief of Correction are listed under the "Grievance Procedure" section of the jail's Inmate Orientation and Rule Book. (Id.)

### B. Factual Summary Relating to Exhaustion

During the time period at issue in the instant case -- from March 2007 through November 20, 2009, the date he filed the instant action -- Plaintiff filed approximately twenty-three grievances concerning issues ranging from medical complaints to complaints about non-medical issues, including: housing in segregation, inmate mail, officer misconduct, clothing exchange, personal property, water quality, and visitation. (DeLara Decl. ¶ 5.) Plaintiff has attached to his opposition six of the twenty-three grievance forms that relate to his medication treatment plan and housing assignment.[4] (Opp'n, Ex. A.) Defendants in the instant action have included the same six grievance forms in addition to the remaining seventeen of the aforementioned twenty-three as Exhibit B to the declaration of Officer Sabina DeLara, the Administrative Support Officer in charge of "maintaining

---

[4] Plaintiff has attached a total of eleven inmate grievance forms to his opposition. (Opp'n, Ex. A.) However, the Court only finds that six out of the eleven grievances are relevant because they were filed before November 20, 2009, the date Plaintiff initiated this action. (Id., Ex. A at 5-8, 11, 12.) The Court need not consider the remaining five grievances because they were filed after November 20, 2009. (Id., Ex. A at 9, 10, 13-15.) It matters not whether Plaintiff complained about his medication treatment plan or housing placement in the remaining five grievances. Even if Plaintiff had fully exhausted the claims in those five grievances while the instant action was pending, he would not be able use them to defeat Defendants' motion to dismiss because Plaintiff would not be able to prove that he exhausted all available administrative remedies before he filed suit. See McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002); see also Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006).

all written grievances inmates submit to the DOC."[5] (DeLara Decl. ¶ 2.)

Captain David Sepulveda, who served as Division Commander beginning in October 2006 through February 2010, states that all letters of appeal to the Division Commander and Chief of Correction are "placed and maintained in a DOC file designated for that inmate." (Sepulveda Decl. ¶ 3.) Division Commander Sepulveda claims that he reviewed Plaintiff's DOC file and states that "it is devoid of any written correspondence to [him] or any subsequent Division Commander requesting an appeal of any grievance determination pertaining to his housing assignments or alleged insufficient or otherwise improper medical treatment . . . ." (Id. ¶ 4.)

### C. Analysis

Plaintiff filed grievances relating to his medication treatment plan on March 24, 2007, October 13, 2007, August 13, 2008, and May 5, 2009. (Opp'n, Ex. A at 5-8.) Plaintiff complained about his housing assignment in grievances dated July 19, 2007 and May 18, 2009. (Id., Ex. A at 11, 12.) Pursuant to § 1073, the burden is on the inmate to appeal grievances to the Division Commander. Here, Plaintiff failed to comply with § 1073 because he did not pursue to the Division Commander's level any of the six aforementioned grievances relating to alleged inadequate mental health care treatment and housing assignment concerns during the time frame at issue.

Plaintiff had constructive knowledge of the grievance procedure embodied in § 1073 because the Inmate Orientation and Rule Book containing this procedure is "provided to each inmate when they exchange their civilian clothes for inmate clothes." (DeLara Decl. ¶ 3.) As mentioned above, Plaintiff claims in his opposition that he met the requirements of the grievance procedure. (Opp'n at 12.) However, the exhibits Plaintiff attached to his opposition do not support this claim. In fact, his supporting documents do not include any evidence that Plaintiff fully exhausted any grievances

---

[5] Defendants have provided a total of forty-two inmate grievance forms filed by Plaintiff beginning in March 2007 through June 2012. As mentioned above, the Court finds that only twenty-three were filed during the relevant time period from March 2007 through November 20, 2009. The Court need not consider the remaining nineteen grievances filed after November 20, 2009 for the same reasons stated above.

relating to alleged deliberate indifference to his serious medical needs or due process violations during the time frame at issue.

Furthermore, Plaintiff had actual knowledge of the grievance procedure, as evidenced by the twenty-three grievances he filed on a range of issues during the relevant time frame -- from March 2007 through November 2009. The Court has reviewed the twenty-three grievances and finds his claims were unexhausted because one was abandoned at the Officer's level of review and the other twenty-two were abandoned at the Watch Commander's level of review, which is labeled on the form as the "Facility" Commander's level of review. As explained above, it is the Watch Commander who determines the appropriate actions to take and ensures that the inmate receives a written response. Because the "Facility" Commander's level of review is the final one -- directly above the "Response Returned to Inmate" section -- on the form, the Court finds that it is equivalent to the Watch Commander's level of review. In order to properly appeal, Plaintiff needed to appeal the Watch Commander's decision by writing a letter to the Division Commander or the Chief of Correction. However, there is nothing in the record that indicates that Plaintiff did so. In fact, Division Commander Sepulveda states that Plaintiff's DOC file does not contain any letters of appeal addressed to him or any subsequent Division Commander relating to the alleged inadequate mental health care treatment or improper housing assignment during the relevant time frame.

As noted, the Court finds unavailing Plaintiff's claim that he met the requirements of the grievance procedure. Plaintiff has attached various letters to his opposition to support his claim; however, none of the letters is addressed to either the Division Commander or the Chief of Correction. Plaintiff is treating his duty to exhaust as discharged upon filing other forms and letters, including the following: complaints to the DOC's Internal Affairs Unit and to the California Department of Corrections and Rehabilitation; Medical/Psychiatric Referral Forms; Health Services Request Forms; Inmate Request Forms relating to mental health treatment and admission to the mental health ward; state hospital records; and letters requesting assistance from the Mental Health Advocacy Project. Plaintiff's construction of the procedure is incorrect. As explained above, it is Plaintiff's responsibility to complete "Inmate Grievance Forms" and pursue his grievances to the

Division Commander's level by writing a letter to either the Division Commander or the Chief of Correction. (Inmate Orientation and Rule Book at 9.)

In sum, the record in this case demonstrates that Plaintiff had the opportunity and ability to properly exhaust, but failed to do so. Plaintiff has had previous experience with the grievance procedure at SCCJ. Plaintiff filed multiple grievances pertaining to a vast range of issues, including six relevant grievances relating to alleged inadequate mental health care treatment and housing assignment concerns. Beyond his practical experience with SCCJ's grievance policies and procedures, Plaintiff, like all SCCJ inmates, was given constructive notice of the proper method of exhaustion under § 1073 as the policy was included in the Inmate Orientation and Rule Book given to all inmates. Furthermore, while Plaintiff claims that he met the requirements of the grievance procedure, the evidence before the Court proves otherwise. Plaintiff has failed to exhaust his administrative remedies; thus, his claims are DISMISSED as unexhausted.

Accordingly, the Court GRANTS Defendants' motion to dismiss for failure to exhaust administrative remedies (docket no. 60). The proper course in claims that are dismissed due to failure to exhaust administrative remedies is dismissal without prejudice to refiling. See McKinney, 311 F.3d at 1200-01.

## II.  Unserved Defendant Khan

As mentioned above, Defendant Khan has not been served in this action. It is apparent, however, that even though Defendant Khan has not been served, the deliberate indifference claim against him is subject to dismissal. Specifically, the allegations relating to the deliberate indifference claim against Defendant Khan are the same as those against Defendants Ritchie, Grewal, Purdy, and Vansales, and there is no suggestion in the complaint and exhibits attached thereto, or in the briefs and exhibits filed in connection with the instant motion, that the analysis of the deliberate indifference claim against Defendant Khan differs from the analysis of that claim against the other Defendants. Cf. Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery, 44 F.3d 800, 803 (9th Cir. 1995) (affirming grant of summary judgment in favor of nonappearing defendant where plaintiff, in response to summary judgment motion filed by defendant who had appeared, had "full and fair

opportunity to brief and present evidence" on dispositive issue as to claim against nonappearing defendant). As the Court has found Plaintiff did not exhaust administrative remedies with respect to his deliberate indifference claim against Defendants Ritchie, Grewal, Purdy, and Vansales herein, Plaintiff cannot prevail on his deliberate indifference claim against Defendant Khan.

Accordingly, Plaintiff's deliberate indifference claim against Defendant Khan is also DISMISSED without prejudice as unexhausted.

### III.  Motion for Summary Judgment

The Court need not address Defendants' motion for summary judgment because all claims have been dismissed in this action.

### CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. "Plaintiff's Request for Service by a Marshal on Defendant Salma Khan, M.D." (docket no. 93) is DENIED.

2. Defendants' motion to dismiss for failure to exhaust administrative remedies (docket no. 60) is GRANTED.[6] Plaintiff's claims against all Defendants -- including unserved Defendant Khan -- are DISMISSED without prejudice to refiling after exhausting California's prison administrative process. See McKinney, 311 F.3d at 1200-01.

3. The Court need not address Defendants' motion for summary judgment.

4. The Clerk of the Court shall enter judgment and close the file.

5. This Order terminates Docket nos. 60 and 93.

IT IS SO ORDERED.

DATED: 9-25-13

SAUNDRA BROWN ARMSTRONG
United States District Judge

---

[6] In Plaintiff's other civil rights action, Case No. C 11-1003 SBA (PR), the Court granted a similar motion to dismiss for failure to exhaust administrative remedies. (Sept. 17, 2013 Order in Case No. C 11-1003 SBA (PR) at 10.)