UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CARLOS ARMANDO ORTEGA,<br><br>Plaintiff,<br><br>vs.<br><br>DR. MARK RITCHIE, et al.,<br><br>Defendants. | Case No: C 09-5527 SBA (pr)<br><br>**ORDER DIRECTING DEFENDANTS TO FILE A RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION** |

On September 26, 2013, the Court dismissed Plaintiff Carlos Armando Ortega's pro se civil rights action for failure to exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA"). Plaintiff has since filed a motion for reconsideration along with several other motions. Dkt. 96, 97, 98, 101. As will be set forth below, the Court directs Defendants to file a response to the motion for reconsideration. The remaining motions will be held in abeyance pending the submission of the additional briefs.

I. **BACKGROUND**

On November 20, 2009, Plaintiff, an inmate at the Santa Clara County Jail ("SCCJ"), filed this pro se civil rights action under 42 U.S.C. § 1983 alleging that SCCJ medical staff were deliberately indifferent to his serious medical needs by denying him mental health care treatment from March 2007 through September 2009. He also alleged that from May 13, 2009 through September 29, 2009, SCCJ correctional officers violated his due process rights by failing to provide him with a process to object to his housing assignment.

On September 26, 2013, the Court issued its Order Granting Defendants' Motion to Dismiss and Dismissing All Claims as Unexhausted. Dkt. 94. The Court concluded that

Plaintiff had failed to exhaust administrative remedies as required by the PLRA, and therefore, his claims were not properly before the Court. The Court dismissed the action without prejudice.

On October 16, 2013, Plaintiff filed a motion pursuant to Federal Rule of Civil Procedure 60(b) for the Court to reconsider its September 26 order dismissing the complaint without prejudice. Dkt. 96. On the same date, Plaintiff filed a motion for a decision on his motion for summary judgment. Dkt. 97.

On October 21, 2013, Plaintiff filed a Notice of Appeal from the Court's September 26 Order. Dkt. 100. He contemporaneously filed a motion for leave to proceed in forma pauperis on appeal, as well as a motion to maintain his pro per privileges on appeal. Dkts. 98, 101.

On October 25, 2013, the Ninth Circuit Court of Appeals referred the matter to this Court for a determination of whether Plaintiff's in forma pauperis status should continue under 28 U.S.C. § 1915(a)(3) for appeal. Dkt. 103.

The motion to reconsider was filed before the Notice of Appeal, and thus is timely. See Fed. R. Civ. P. 60(b). The appeal thus does not become effective until the motion to reconsider is ruled upon. See Fed. R. App. P. 4(a)(4). Accordingly, this Court will first consider Plaintiff's pending Rule 60(b) motion prior to making a determination as to whether Plaintiff's in forma pauperis status should continue for his appeal. In addition, for the reasons outlined below, the Court will defer ruling on the aforementioned motions until after the parties submit their briefs relating to the motion for reconsideration.

## II.   DISCUSSION

Where a district court's ruling has resulted in a final judgment or order, a motion for reconsideration may be filed under Rule 60(b) of the Federal Rules of Civil Procedure. Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied;

(6) any other reason justifying relief.  Fed. R. Civ. P. 60(b); School Dist. 1J v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir.1993).  Rule 60(b) provides a mechanism for the parties to seek relief from a judgment when "it is no longer equitable that the judgment should have prospective application," or when there is any other reason justifying relief from judgment.  Jeff D. v. Kempthorne, 365 F.3d 844, 853-54 (9th Cir. 2004) (quoting Fed. R. Civ. P. 60(b)).  "Although the application of Rule 60(b) is committed to the discretion of the district courts . . . , as a general matter, Rule 60(b) is remedial in nature and must be liberally applied."  TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 695-96 (9th Cir. 2001) (internal quotation marks and ellipsis omitted).

In adjudicating Defendants' motion to dismiss for failure to exhaust administrative remedies, the Court considered twenty-three grievances identified by Plaintiff.  These grievances raised a plethora of complaints regarding medical and non-medical issues, including officer misconduct, housing in segregation, inmate mail, clothing exchange, personal property, water quality and visitation.  In their motion, Defendants argued that Plaintiff's claims were not fully exhausted and were thus not properly before the Court.  The PLRA provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The PLRA requires the inmate to exhaust every level in the administrative process.  See McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002).  Exhaustion is a prerequisite to the inmate's filing of a lawsuit.  See Porter v. Nussle, 534 U.S. 516, 524 (2002).

Section 1073 of Title 15 of the California Code of Regulations affords county jail inmates a right to appeal and have resolved grievances relating to their confinement.  Pursuant to section 1073, Santa Clara County has established grievance procedures for inmates at SCCJ.  See SCCJ Inmate Orientation and Rule Book at 8-9.  An inmate may grieve "any condition of confinement over which the Department of Correction has control" by first raising the complaint informally with the Officer in charge of the inmate's

housing unit.  Id. at 8.  If the grievance is not resolved, the inmate may then complete an "Inmate Grievance Form" which may be submitted to any Officer.  Id.  If the Officer is unable to resolve the grievance, it is forwarded to the Sergeant; if the Sergeant cannot resolve it, the grievance is referred to the Watch Commander, who will "determine the appropriate actions to take and ensure [the inmate] receive[s] a written response."  Id.  Finally, an inmate may then appeal the Watch Commander's decision by writing a letter to the Division Commander of the facility where the inmate is housed.  Id.  The Division Commander may "either affirm or reverse the decision and will give [the inmate] a written response."  Id. at 9.  If the inmate prefers to "correspond confidentially" with the Chief of Correction instead of the Division Commander, the inmate may do so, and he will receive a "written response."  Id.  The addresses of the Division Commander and Chief of Correction are listed under the "Grievance Procedure" section of the jail's Inmate Orientation and Rule Book.  Id.

In this case, the Court noted that while Plaintiff filed multiple grievances pertaining to a vast range of issues—including six relevant grievances relating to alleged inadequate mental health care treatment and housing assignment concerns—he nonetheless was required to have appealed the Watch Commander's decision by writing a letter to the Division Commander or the Chief of Correction in order to properly exhaust his claims. The Court found that nothing in the record demonstrated that Plaintiff had done so.  To the contrary, Division Commander David Sepulveda declared that Plaintiff's Department of Correction file does not contain any letters of appeal addressed to him or any subsequent Division Commander relating to the alleged inadequate mental health care treatment or improper housing assignment during the relevant time frame.

The Court also noted that Plaintiff had claimed, in a conclusory manner, that he had exhausted his administrative remedies regarding his claims by filing other forms and letters, including the following:  Complaints to the Department of Correction's Internal Affairs Unit and to the California Department of Corrections and Rehabilitation; Medical/Psychiatric Referral Forms; Health Services Request Forms; Inmate Request

Forms relating to mental health treatment and admission to the mental health ward; state hospital records; and letters requesting assistance from the Mental Health Advocacy Project. The Court, however, found unavailing Plaintiff's claim that he satisfied the requirements of the grievance procedure by submitting the aforementioned forms and letters, given that none of them was addressed to either the Division Commander or the Chief of Correction.

As discussed, it is Plaintiff's responsibility to complete "Inmate Grievance Forms" and to pursue his grievances to the Division Commander's level by writing a letter to either the Division Commander or the Chief of Correction. See SCCJ Inmate Orientation and Rule Book at 9. The PLRA "requires *proper* exhaustion of administrative remedies." Sept. 26, 2013 Order at 4 (citing Woodford v. Ngo, 548 U.S. 81, 83, (2006)) (emphasis in original). In granting Defendants' motion to dismiss, the Court concluded that "the record in this case demonstrates that Plaintiff had the opportunity and ability to properly exhaust, but failed to do so." Id. at 8. Therefore, Plaintiff's claims were dismissed as unexhausted—meaning that Plaintiff is free to refile his lawsuit after fully and properly exhausting his administrative remedies.

In the instant motion for reconsideration, Plaintiff contends that the Court erred in dismissing his claims as unexhausted on the grounds that he was successful in his efforts to exhaust these claims. Again, Plaintiff makes a conclusory allegation that the SCCJ Inmate Orientation and Rule Book provided more appeal options beyond the aforementioned grievance procedure. Plaintiff claims that on "pages 4 and 5" thereof there are eight other options that an inmate may use to exhaust his administrative grievance procedures. However, Plaintiff has failed to attach these particular pages, and instead claims that proof of the same is already in the Court's and Defendants' "possession by Affidavits and Exhibits." Mot. for Recons. at 3.

The Court notes that the evidence presented in support of and in opposition to Defendants' motion to dismiss was quite voluminous. In addition, Plaintiff's present motion for reconsideration, including attachments, totals eighty-eight pages. It is not the

Court's role to sift through the record to attempt to locate the specific pages of the SCCJ Inmate Orientation and Rule Book that Plaintiff claims warrant reconsideration. See Bias v. Moynihan, 508 F.3d 1212, 1219 (9th Cir. 2007) ("A district court lacks the power to act as a party's lawyer, even for pro se litigants."); Indep. Towers of Wash. v. Wash., 350 F.3d 925, 929 (9th Cir. 2003) (noting that the court is not obligated to consider matters not specifically brought to its attention). In addition, the Court notes that Defendants previously attached pages eight and nine of the SCCJ Inmate Orientation and Rule Book as Exhibit A to the declaration of Sabina DeLara, and that these pages specifically referred to the "Grievance Procedure" at SCCJ. As such, it is highly questionable whether there is another section in the SCCJ Inmate Orientation and Rule Book relating to grievances which recites eight *additional* options to exhaust administrative grievances. Nonetheless, based on the record presented, the Court is unable to render an informed decision on this issue without first having the opportunity to review pages four and five of the aforementioned publication.

In addition, Plaintiff now claims that he actually filed "a letter to Chief of Correction[] and Captain of Internal Affairs." Mot. for Recons. at 3. In particular, Plaintiff states he chose the "last option" by submitting a letter to the Chief of Correction and Captain of Internal Affairs; however, he has "no copies of [these] letters." Id. The Court notes that nowhere in his prior pleadings, including his opposition to Defendants' motion to dismiss, did Plaintiff claim that he wrote such a letter to the Chief of Correction. Rather, he asserted that he never received a response from either the Chief of Correction or Captain. Again, however, because there is nothing in the record to refute Plaintiff's new claim, the Court cannot, at this juncture, ascertain whether it has merit.

Accordingly, in light of Plaintiff's allegations above, the Court directs Defendants to file a response addressing Plaintiff's claim that he did, in fact, exhaust his administrative remedies as to all of his claims in this action. The parties shall abide by the briefing schedule outlined below.

**III.   CONCLUSION**

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1.   By no later than **fourteen (14) days** from the date this Order is filed, Defendants shall file and serve their response to Plaintiff's motion for reconsideration.

2.   If Plaintiff wishes to file a reply brief, he shall do so no later than **fourteen (14) days** after the date Defendants' response is filed.

3.   The motion for reconsideration shall be deemed submitted as of the date the reply brief is due.  The Court will hold Plaintiff's other pending motions, including his request to proceed in forma pauperis on appeal, until after the motion for reconsideration is resolved.

4.   Pursuant to Federal Rule of Appellate Procedure 24(a)(4), the Clerk is directed to provide notice of this Order to the Ninth Circuit Court of Appeals and to the parties.

IT IS SO ORDERED.

Dated: October 30, 2013

_Saundra B Armstrong_
SAUNDRA BROWN ARMSTRONG
United States District Judge