UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| CARLOS ARMANDO ORTEGA,<br><br>    Plaintiff,<br><br>  vs.<br><br>DR. MARK RITCHIE, et al.,<br><br>    Defendants. | Case No:  C 09-5527 SBA (PR)<br><br>App. Ct. No. 13-17127<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE JUDGMENT OR ORDER**<br><br>Docket 96, 97, 101, 116 |

The Court previously dismissed this pro se prisoner action based on Plaintiff's failure to exhaust administrative remedies under the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a).  The parties are now before the Court on Plaintiff's motion for relief from judgment or order, pursuant to Federal Rule of Civil Procedure 60(b).  Dkt. 96.  Having read and considered the papers filed in connection with this matter and being fully informed, the Court DENIES Plaintiff's motion.  The Court, in its discretion, finds this matter suitable for resolution without oral argument.  See Fed. R. Civ. P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

I.      **BACKGROUND**

On November 20, 2009, Plaintiff, an inmate at the Santa Clara County Jail ("SCCJ"), filed this pro se civil rights action under 42 U.S.C. § 1983 alleging that SCCJ medical staff were deliberately indifferent to his serious medical needs by denying him

mental health care treatment from March 2007 through September 2009.  He also alleged that from May 13, 2009 through September 29, 2009, SCCJ correctional officers violated his due process rights by failing to provide him with a process to object to his housing assignment.  Defendants moved to dismiss the action on the grounds that Plaintiff had failed to exhaust his administrative remedies prior to filing suit, as required by the PLRA.  Dkt. 60.  The Court granted the motion and dismissed the action without prejudice.  9/26/13 Order, Dkt. 94.

In the course of analyzing whether Plaintiff had properly exhausted his administrative remedies, the Court considered twenty-three grievances identified by Plaintiff.  Id. at 5-6.  After delving into a detailed account of the facts, the Court ultimately determined that they established that Plaintiff had failed to exhaust the jail's administrative grievance procedure, as set forth on pages 8 and 9 in the SCCJ Inmate Orientation and Rule Book.  Id. at 4; Delara Decl. Ex. A, Dkt. 65-1.  Specifically, the Court noted that while Plaintiff had filed multiple grievances pertaining to a vast range of issues, he had nonetheless failed to fully exhaust by pursuing his appeal to the highest level of review by writing a letter to the Division Commander or the Chief of Correction.  As the Court explained in its ruling on the motion to dismiss, the PLRA "requires *proper* exhaustion of administrative remedies."  9/26/13 Order at 4 (citing Woodford v. Ngo, 548 U.S. 81, 83, (2006)) (emphasis in original).  The Court concluded that "the record in this case demonstrates that Plaintiff had the opportunity and ability to properly exhaust, but failed to do so."  Id. at 8.  Therefore, Plaintiff's claims were dismissed as unexhausted.  However, consistent with controlling authority, the dismissal was without prejudice to refile his lawsuit after fully and properly exhausting his administrative remedies.  Id. at 10.[1]

---

[1] Subsequent to the Court's ruling, Plaintiff filed the instant motion and then a notice of appeal.  Dkt. 52, 53.  The appeal does not become effective until the motion for reconsideration is adjudicated.  See Fed. R. App. P. 4(a)(4).

## II. LEGAL STANDARD

Where a district court's ruling has resulted in a final judgment or order, a motion for reconsideration may be filed under Rule 60(b) of the Federal Rules of Civil Procedure.[2] Rule 60(b) provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; (6) any other reason justifying relief. Fed. R. Civ. P. 60(b); School Dist. 1J v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir.1993). "Mistake" as used in Rule 60(b)(1) includes factual errors by the court. Kingvision Pay-Per-View Ltd. v. Lake Alice Bar, 168 F.3d 347, 350 (9th Cir. 1999).

Rule 60(b) provides a mechanism for the parties to seek relief from a judgment when "it is no longer equitable that the judgment should have prospective application," or when there is any other reason justifying relief from judgment. Jeff D. v. Kempthorne, 365 F.3d 844, 853-54 (9th Cir. 2004) (quoting Fed. R. Civ. P. 60(b)). "Although the application of Rule 60(b) is committed to the discretion of the district courts . . . , as a general matter, Rule 60(b) is remedial in nature and must be liberally applied." TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 695-96 (9th Cir. 2001) (internal quotation marks and ellipsis omitted). That being said, Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of "exceptional circumstances." Engleson v. Burlington N.R. Co., 972 F.2d 1038, 1044 (9th Cir. 1994).

---

[2] Plaintiff asks the Court to set aside its judgment, citing Federal Rule of Civil Procedure 60(a). Rule 60(a) provides for relief from a judgment or order based on a clerical mistake, oversight or omission. However, there was no such clerical error here, and therefore, Rule 60(a) is inapposite. Plaintiff also cites Rule 60(d)(1)(3), which allows a judgment to be set aside "for fraud on the court." There is no evidence or allegation to support such a claim. Instead, the Court liberally construes Plaintiff's motion to set aside judgment or order as a motion for reconsideration as to its order and judgment issued on September 26, 2013.

## III. DISCUSSION

Plaintiff contends that the Court erred in dismissing his claims without considering certain facts showing that he actually exhausted his administrative remedies prior to filing the instant federal action. As noted, in adjudicating Defendants' motion to dismiss, the Court referred to pages 8 and 9 of the SCCJ Inmate Orientation and Rule Book, which establishes the grievance process for "any condition of confinement." DeLara Decl., Ex. A, Dkt. 65-1. Plaintiff contends that the Court should also have considered pages 4 and 5 in the SCCJ Inmate Orientation and Rule Book, which allegedly provided Plaintiff with eight additional options to exhaust his administrative remedies. Mot. for Recons. at 3. In addition, Plaintiff claims that he properly exhausted his claims by sending a letter to the Chief of Corrections. Id.

### A. SCCJ INMATE ORIENTATION AND RULE BOOK

The Court has reviewed pages 4 and 5 in the SCCJ Inmate Orientation and Rule Book and finds that they do not provide additional means for exhausting jail grievances. Rather, the policy expressed in those pages specifically pertains to claims of sexual harassment. This section, which is entitled "SEXUAL HARASSMENT IS PROHIBITED," begins by identifying four prohibited acts that constitute sexual harassment by Department of Correction employees. Sabina Decl., Ex. A, Dkt. 109-1. Thereafter, the policy instructs that "YOU MAY REPORT ANY VIOLATION OF THESE RULES OR ANY OTHER SEXUAL HARASSMENT" by calling or writing to various individuals (such as the Main Jail Complex Commander) or various offices (such as the Department of Corrections Internal Affairs Office). Id. A total of eight separate persons or offices to contact are listed. Notably, there is nothing in the policy that even remotely suggests that any of the eight means of reporting sexual harassment may be used as an alternative means of appealing a jail grievance. Thus, whether or not Plaintiff attempted to utilize these particular procedures to exhaust his grievances is inapposite because the PLRA demands proper exhaustion of his administrative remedies. See Woodford, 548 U.S. at 83.

In sum, attempting to exhaust grievances using the procedures specific to sexual harassment complaints is not proper exhaustion. As noted, to properly exhaust his claims, Plaintiff was required to have completed "Inmate Grievance Forms" and pursue his grievances to the Division Commander's level by writing a letter to either the Division Commander or the Chief of Correction. See Inmate Orientation and Rule Book at 9. It is undisputed that he failed to do so. Thus, the Court correctly dismissed Plaintiff's claims upon determining that he failed to comport with the requirements of the SCCJ's grievance procedures, as contained in pages 8 and 9 of the Inmate Orientation and Rule Book.

### B. LETTER TO CHIEF OF CORRECTIONS

Plaintiff next argues that he fully exhausted his grievances by filing "a letter to Chief of Correction[] and Captain of Internal Affairs," which he claims is the "last option" identified in SJJC's grievance procedure. Mot. for Recons. at 3. In neither his opposition nor surreply filed in connection with Defendants' motion to dismiss for failure to exhaust did Plaintiff allege that he wrote and sent such correspondence. Dkt. 73, 74, 84. Nor does Plaintiff explain why he waited until now to claim that such letters were sent. On that basis alone, reconsideration is not warranted. See Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (noting that a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.").[3]

Setting aside Plaintiff's inexplicable failure to make this argument in connection with Defendants' motion to dismiss, the Court finds that Plaintiff's newly-asserted claim of exhaustion fails. Plaintiff concedes that he has no copies of the actual, alleged letters. Instead, he attaches two documents which purportedly show their existence. First, Plaintiff

---

[3] In support of their earlier motion to dismiss, Defendants submitted a declaration from Captain Sepulveda, who was Division Commander of the Main Jail Complex during the relevant time period and whose responsibilities then included responding to inmate appeals of grievance determination. See Sepulveda Decl. ¶ 3, Dkt. 61. Captain Sepulveda affirmatively stated, under oath, that he reviewed all of the letters received by the Main Jail from Plaintiff and that no letters of appeal exist pertaining to Plaintiff's housing assignments or his medical treatment. See id. ¶¶ 3-4.

provides an "Inmate Request Form dated 7/24/2008," see Mot. for Recons. at 33, which allegedly shows that he mailed a letter to the Chief of Correction and that he "never got a response," see id. at 3.  However, the Inmate Request Form merely requests an envelope pre-addressed to the "Chief of Correction Internal Affairs Unit." Id. at 33.  This document is not evidence that Plaintiff actually sent a letter to the Chief of Correction.  Nor is it evidence that the purported letter sought to appeal adverse determinations on the grievances germane to the present complaint.  Indeed, the July 24, 2008 Inmate Request Form pre-dates a majority of the time frames pertinent to the claims at issue.

The second document filed by Plaintiff is another Inmate Request Form and attached letter, which he avers were a "second attemp[t] to appeal and stop abuse and get copies of voicemail [from] Internal Affairs . . . on 11-17-11." Id. at 3, 34.  This form indicates that Plaintiff had "two legal pick up out going [sic] mail 1) Internal Affairs [and] 20 Director of Corrections." Id. at 34.  However, there is no information as to the contents of the letters, let alone their ostensible relation to his efforts to exhaust his administrative remedies as to the issues in the pleadings.  In fact, the letter, dated November 21, 2011, attached to the Inmate Request Form, is a request to "Edward G. Flores, Chief of Correction" for tape recordings of his telephone calls to Internal Affairs pertaining to unspecified incidents.  Id. The letter and the calls referenced therein are irrelevant to any of the issues in this action and do not otherwise show or imply that Plaintiff fully and properly exhausted all of his grievances relating to inadequate mental health treatment or improper housing assignments.

In sum, neither the two Inmate Request Forms nor the attached November 21, 2011 letter establishes that Plaintiff sent a letter to the Division Commander or the Chief of Correction in order to properly exhaust his claims in this action.  In addition, Plaintiff's showing fails to rebut Division Commander Sepulveda's prior statement under oath that no such letters exist relating to his alleged inadequate mental health care treatment or improper housing assignment during the relevant time frame.  See Sepulveda Decl. ¶¶ 3-4.  Without

any competent or reliable evidence supporting his claim of exhaustion, the Court finds that reconsideration is not warranted.[4]

## IV. CONCLUSION

The Court finds that Plaintiff has failed to demonstrate extraordinary circumstances under Rule 60 warranting reconsideration of the order dismissing this action for failure to exhaust under the PLRA.  Accordingly,

IT IS HEREBY ORDERED THAT:

1. Plaintiff's motion to set aside judgment or order is DENIED.

2. The Clerk of the Court shall serve a copy of this Order on the Ninth Circuit Court of Appeals.

3. This Order terminates Docket Nos. 96, 97, 101 and 116.

IT IS SO ORDERED.

Dated: 2/7/14

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

G:\PRO-SE\SBA\CR.09\Ortega5527.DENYrecons-revised.docx

---

[4] In view of this ruling, Plaintiff's motion for a decision on his motion for summary judgment, motion to maintain pro per privileges, and motion for attorney's fees and appointment of counsel are DENIED as moot.  Dkt. 97, 101, 116.